IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAYMOND KENT,** <br> **LOUIS SHRAGHER, and** <br> **EMELIA LEE** <br>      **Plaintiffs,** <br><br> v. <br><br> **CITY OF PHILADELPHIA,** <br> **OFFICER LINDSAY BURGER,** <br> **OFFICER O'NEIL,** <br> **OFFICER JOHN DOE, and** <br> **OFFICER RICHARD ROE(S),** <br><br>      **Defendants.** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is a civil rights action brought under 42 U.S.C. § 1983 and raising supplemental state-law claims concerning the actions of the defendant Philadelphia Police officers on May 19, 2023 in unlawfully entering the plaintiffs' residence and improperly seizing and using force against the plaintiffs in an effort to execute an arrest warrant when the defendants had no basis to believe that the subject of the warrant was present in the plaintiffs' residence.

2. The actions of the defendant officers are the result of the failure on the part of defendant City of Philadelphia, with deliberate indifference, to establish appropriate policies and procedures for the execution of arrest and search warrants, and the failure to properly train, supervise or discipline officers concerning compliance with legally mandated procedures for the execution of warrants.

3. As a result of the defendants' misconduct, the plaintiffs suffered physical and emotional harms and damage to their property.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

## PARTIES

5. Plaintiffs Raymond Kent, Louis Shragher, and Emelia Lee ("the plaintiffs") were at all times relevant to this Complaint residents of Pennsylvania.

6. Defendant City of Philadelphia is a municipality in the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department, which employs the below defendants.

7. Defendant Officers Lindsay Burger, O'Neil, John Doe and Richard Roe(s) are and were at all times relevant to this Complaint employed as a law enforcement officers in the Philadelphia Police Department. They are sued in their individual capacities.

8. At all times relevant to this Complaint, all defendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused to plaintiffs.

9. At all times relevant to this Complaint, all defendants acted under color of state law.

## FACTUAL ALLEGATIONS

10. Plaintiff Raymond Kent purchased the private dwelling located at 2438 Memphis Street, Philadelphia, PA 19129 from Wallace A. Kidd on November 12, 2020.

11. Plaintiff took possession of the property at 2438 Memphis Street immediately and, after undertaking repairs to and improvements of the property, has lived in the home

without interruption since that time and has never transferred any ownership interest to any party. Plaintiff Louis Shragher moved into the property in approximately January 2023. Plaintiff Emelia Lee had been staying at the property since April, 2023.

12. On May 9, 2023, Defendants O'Neil and Doe came to the home and stated that they were looking for Vincent Kidd. Mr. Shragher told Defendants O'Neil and Doe that Mr. Kent had purchased the property in 2020, had lived there continuously since 2020, and no one named Kidd had lived there since Mr. Kent purchased the property in 2020.

13. Defendants O'Neil and Doe failed to notify other PPD officers and officials that there was information that Vincent Kidd did not reside and would not be found at 2438 Memphis Street, Philadelphia, PA.

14. On May 19, 2023, all of the plaintiffs were lawfully at 2438 Memphis Street.

15. On May 19, 2023, at about 7:00 a.m., there was loud banging at the front door. Mr. Kent was in the second floor bathroom, Mr. Shragher and Ms. Lee were in a second floor bedroom.

16. Mr. Kent and Mr. Shragher came downstairs to see who was at the door. As Mr. Shragher was in the process of opening the door, and the door was slightly ajar, Defendants Burger and Roe(s) pushe open the door and forced their way into the home, clad in body armor, wielding riot shields, and firearms drawn by some of the officers.

17. Defendants Burger and Roe(s) pointed firearms at the plaintiffs and ordered them to put their hands up. Plaintiffs fully complied.

18. Defendants Burger and Roe(s) searched the premises while the plaintiffs were held, at times at gunpoint, inside the house.

19. After the search of the property was completed, Defendant Burger presented Mr. Kent with a copy of an arrest warrant for Vincent Kidd. It had been made clear to all defendants that the plaintiffs did not know Vincent Kidd and that the Kidd family had not resided at 2438 Memphis Street since Mr. Kent purchased the property in November 2020.

20. The arrest warrant for Vincent Kidd had been issued on May 9, 2023 and listed his address as 2438 Memphis Street, Philadelphia, PA.

21. After a period of time, the defendants released the plaintiffs and left the property.

22. Before seeking the arrest warrant for Vincent Kidd, the defendants made no meaningful and adequate inquiry and failed to conduct a meaningful and adequate investigation to determine Vincent Kidd's whereabouts or otherwise obtain current information as to his residence.

23. Before attempting to execute the arrest warrant for Vincent Kidd on May 19, 2023 at 2438 Memphis Street, the defendants made no inquiry and conducted no investigation to determine Vincent Kidd's whereabouts or otherwise obtain current information as to his residence.

24. Defendants had no adequate factual basis to believe that Vincent Kidd could be found in Mr. Kent's home as Mr. Kent had lived in that home, without interruption, for nearly three years before the defendants' entry of the home.

25. On or before the entry into 2438 Memphis Street on May 19, 2023, all defendants failed to follow accepted police practices and constitutional standards requiring a reasonable and diligent investigation to determine whether there is adequate cause to believe that the subject of an arrest warrant will be found at a particular location.

4

26. There was no legal cause to justify the entry of the plaintiffs' home or place of residence.

27. Defendants' actions in forcing their way into 2438 Memphis Street, and forcing the plaintiffs to remain in place at gunpoint while they searched the home constituted a stop and/or arrest of the plaintiffs.

28. There was no legal cause to justify the stop, detention, and/or arrest of the plaintiffs.

29. The defendants' actions in pointing guns at the plaintiffs constituted a use of force against plaintiffs.

30. There was no legal cause to justify the use of force against the plaintiffs, and any force used against the plaintiffs was unreasonable and excessive.

31. On May 28, 2023, two Philadelphia police officers came to 2438 Memphis Street and stated they were looking for a Vincent Kidd who was wanted in connection with a shooting. Mr. Kent explained to the officers what had happened earlier in the month, and the officers left the location without incident.

32. Defendant City of Philadelphia was, at the relevant time period, aware that the practices of Philadelphia law enforcement officers in the execution of arrest warrants were likely to result in constitutional violations. Based on prior citizen complsints and the litigation of several civil rights matters filed and litigated prior to May 2023, defendant City of Philadelphia, by and through its policy makers, was aware that law enforcement officers in Philadelphia routinely fail to confirm that home addresses reported on arrest warrants are accurate prior to the time they seek to execute arrest warrants.

33. Despite this knowledge, defendant City of Philadelphia, by its policy makers, has, with deliberate indifference, failed to institute policies, procedures, training, supervision or disciplinary measures that would prevent the unlawful entry of civilians' homes during the execution of arrest warrants.

34. At all times relevant to this Complaint, the conduct of all defendants was in willful, reckless and in callous disregard of the plaintiffs' rights under federal and state law.

35. As a direct and proximate result of the conduct of all defendants, the plaintiffs suffered and continue to suffer damages, including physical and psychological harm, pain and suffering, some or all of which may be permanent, and financial losses.

## CAUSES OF ACTION
### Count I
### Plaintiffs v. Defendants O'Neil, Doe, Burger and Roe(s)
### Federal Constitutional Claims

36. The actions of defendants O'Neil, Doe, Burger, and Roe(s) violated the plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution to due process of law, to be free from unlawful searches and seizures, and to the use of unreasonable use of force, in that, in particular, the defendants caused and/or participated in the unlawful entry of the plaintiffs' home, the unlawful detention of the plaintiffs, and the unlawful use of force against the plaintiffs.

### Count II
### Plaintiffs v. Defendant City of Philadelphia
### Federal Constitutional Claims

37. The violations of the plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, the plaintiffs' damages, and/or the conduct of the individual defendants were directly and proximately caused by the actions and/or inactions of defendant City of Philadelphia, by and through its policy makers, which has encouraged,

6

tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

    a. Legal cause to enter a home during the execution of an arrest warrant;

    b. Failure to follow accepted police practices and constitutional standards requiring that law enforcement officers undertake a diligent investigation to determine whether there is adequate cause to believe that the subject of an arrest warrant will be found at a particular location;

    c. Legal cause to stop, detain, and/or arrest a citizen;

    d. Proper procedures for the use and show of force, including but not limited to the pointing of firearms, during the entry of a home;

    e. Police officers' duties and responsibilities to engage in proper investigative techniques;

    f. Failure to have a system in place to ensure that law enforcement officers notify officers that there is information that a subject of an arrest warrant will not be found within the location that appears on the arrest warrant;

    g. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

    h. The hiring and retention of officers who are unqualified for their employment position; and

  i. The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia police officers.

## Count III
### Plaintiffs v. Defendants O'Neil, Doe, Burger, and Roe(s)
### State Law Claims

38. The actions of defendants O'Neil, Doe, Burger, and Roe(s) constituted the torts of assault, battery, false arrest, and false imprisonment under the laws of the Commonwealth of Pennsylvania.

**Wherefore**, the plaintiffs respectfully request:

A. Compensatory damages as to all defendants;

B. Punitive damages as to defendants O'Neil, Doe, Burger, and Roe(s);

C. Reasonable attorneys' fees and costs as to all defendants;

D. Such other and further relief as may appear just and appropriate.

Plaintiffs hereby demand a jury trial.

*/s/ Paul Messing*
Paul Messing
I.D. No. 17749
KAIRYS, RUDOVSKY, MESSING, FEINBERG & LIN LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA  19106
215-925-4400
215-925-5365 (fax)
pmessing@krlawphila.com

*Counsel for Plaintiffs*